# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| MICHELLE E. METTLER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1345-SM |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Michelle E. Mettler (Plaintiff) brings this action for judicial review of the Defendant Acting Commissioner of Social Security's (Commissioner) final decision he was not "disabled" under the terms of the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented under 28 U.S.C. § 636(c) to proceed before a United States Magistrate Judge. Doc. 13. Following a careful review of the parties' briefs, the administrative record (AR), and the relevant authority, the court reverses and remands the Commissioner's decision.

**I. Administrative determination.**

    **A. Disability standard.**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B.　　Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C.　　Relevant findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis and concluded Plaintiff had not met her burden of proof. AR 19-32; see 20 C.F.R. § 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step analysis). Specifically, the ALJ found Plaintiff:

>　(1)　was severely impaired, first, by degenerative disc disease of the lumbar spine, second by diabetes mellitus, third by coronary artery disease, fourth by hypertension, fifth by chronic obstructive pulmonary disease, sixth by obesity,

2

> seventh by hyperlipidemia, eighth by bipolar disorder, ninth by anxiety disorder, and tenth by tobacco abuse disorder;
>
> (2) did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment;
>
> (3) had the residual functional capacity (RFC)[1] to perform light work with these restrictions: occasionally sit/stand at the work station without any loss of production, occasionally push and pull, including the operation of hand and foot controls, occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolds, occasionally stoop, kneel and crouch, frequently balance, never crawl, must not work at unprotected heights, around dangerous moving equipment or machinery on an uneven or unstable working surface(s), must not work around concentrations of dust, fumes, gases, noxious odors, or extremes of temperature, can understand, remember, comprehend, and carry out simple work related tasks and instructions, can work with supervisors and coworkers on a superficial working basis, cannot work with the general public, and can adapt to routine changes in the working environment;
>
> (4) could perform no past relevant work;
>
> (5) could perform jobs that exist in significant numbers in the national economy, such as bench assembler, assembler of electrical equipment, and press machine operator; and so,
>
> (6) had not been under a disability, as defined in the Social Security Act, since July 16, 2010.

AR 21-32.

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

### D. Appeals Council action.

The Social Security Administration's (SSA) Appeals Council found no reason to review that decision, so the ALJ's decision is the Commissioner's final decision. *Id.* at 1-5; s*ee Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standards.

A court reviews the Commissioner's final "decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (internal quotation marks omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (internal quotation marks omitted).

Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). However, the court "must 'exercise common sense' in reviewing an ALJ's decision and must not 'insist on

technical perfection.'" *Jones v. Colvin*, 514 F. App'x 813, 823 (10th Cir. 2013) (quoting *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (2012)). The ALJ's decision must be evaluated "based solely on the reasons stated in the decision." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). A "post hoc rationale is improper because it usurps the agency's function of weighing and balancing the evidence in the first instance." *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008).

B.  **Plaintiff's claims of error.**

Plaintiff argues the ALJ (1) "failed to provide a proper assessment of her [RFC]." Doc. 18, at 8-13. She argues the ALJ failed to identify, "with specificity," the frequency with which she would need to alternate from a sitting to a standing position, relying on SSR 96-9p. *Id.* at 9-12.

C.  **Analysis.**

Social Security Ruling (SSR) 96-9p states:

> An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. The extent of the erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand. The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing. It may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work.

5

SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996).

1. **SSR 96-9p applies here.**

The Commissioner argues SSR 96-9p "addresses only claimants who are limited to less than a full range of sedentary work, not light work." Doc. 22, at 5 (citing *Vititoe v. Colvin*, 549 F. App'x 723, 731 (10th Cir. 2013) ("SSR 96-9p applies in cases where the claimant is limited to less than the full range of *sedentary work* and the disability determination is not directed by the Grids. Here the ALJ found that Mr. Vititoe retains the capacity to perform less than the full range of *light work*, so SSR 96-9p is not applicable.")). The Court agrees SSR 96-9p explicitly applies to sedentary work and the RFC in the present case limited Plaintiff to less than a full range of light work. AR 24.

The statutory definition of light work requires "a good deal of walking or standing, or . . . sitting most of the time." 20 C.F.R. § 416.967(b). So, an individual's ability to sit and stand is also relevant to "light" work. *See Wahpekeche v. Colvin*, 640 F. App'x 781, 784-85 (10th Cir. 2016) (applying SSR 96-9p in the context of "light" work); *Vail v. Barnhart*, 84 F. App'x 1, 5 (10th Cir. 2003) ("Precisely how long a claimant can sit without a change in position is also relevant to assumptions whether he can perform light work."); *but see Vititoe,* 549 F. App'x at 731. The Commissioner also cites "numerous courts" affirming an ALJ sit/stand options for a light-work RFC in more general terms

6

than present here. Doc. 22, at 6-7 (citing four courts' decisions with persuasive authority).

The SSA has defined an individual's need to alternate sitting and standing as a "Special Situation" and devoted an entire section to the issue in an SSR evaluating exertional limitations within a range of work. *See* SSR 83-12, 1983 WL 31253 (Jan. 1, 1983). There, the SSA stated:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking *contemplated for most light work*.
>
> . . . .
>
> Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.

*See* SSR 83-12, 1983 WL 31253, at *4 (emphasis added); *Jimison v. Colvin*, 513 F. App'x 789, 792 (10th Cir. 2013) (noting "[t]he option to sit or stand at will" allows claimant "to control the frequency" of position changes satisfying SSR 96-9p). SSR 96-9p applies here. *Vail*, 84 F. App'x at 5.

## 2. The RFC's deficiency.

Here, the ALJ recognized Plaintiff's need to sit/stand—the RFC stated Plaintiff could perform light work with various limitations including "occasionally sit or stand at the work station without any loss of production . . . ." AR 24. The ALJ did not sufficiently address the frequency Plaintiff would need to change positions. The ALJ's hypothetical to the vocational expert stated she could "stand and walk six of eight, sit six of eight, occasional sit, stand at the workstation without a loss of productivity . . . ." *Id.* at 54. When Plaintiff's counsel changed that hypothetical to an "individual [who] could sit about two hours a day and could stand and/or walk for less than two hours a day . . . .," the identified jobs would not be available. *Id.* at 55-56. When asked if a "hypothetical individual that could sit for about seven hours a day, could stand for about one hour and walk for about one hour" the vocational expert noted the identified "jobs would remain." *Id.* at 56. "The jobs identified in the light in the [ALJ's hypothetical] typically have a sitting option, and frequently have a mobility in their workstation that they could perform, be performed primarily from a sitting position . . . ." *Id.*

This Court has rejected a similar restriction, one that was more specific, where the RFC stated Plaintiff "must have the option to occasionally sit/stand at the work 'station' with a less than 10% loss of productivity . . . ." *Edwards*

8

*v. Comm'r of Soc. Sec. Admin.*, No. CIV-16-599-SM, 2017 WL 1628978, at *1 (W.D. Okla. May 1, 2017) (unpublished mem. op. & order). Similarly, this Court has rejected restrictions requiring no loss of productivity:

> the Court finds that the limitation described by the ALJ—allowing plaintiff to sit or stand without a loss of productivity—is not sufficiently specific as to the frequency of plaintiff's need to alternate sitting and standing. Initially, the Court would find that this limitation is less restrictive than the "at will" or "as needed" sit/stand limitation that has previously been upheld in the Tenth Circuit. The Court further finds that what is meant by the sit/stand without a loss of productivity limitation is unclear; the limitation provides no specifics concerning the frequency of any need plaintiff may have to alternate sitting and standing and the length of time needed to stand.

*Marlowe v. Colvin*, No. CIV-14-314-M, 2015 WL 1509007, at *1 (W.D. Okla. March 31, 2015) (unpublished order) (footnote omitted) (emphasis added); *see Hardzog v. Berryhill*, No. CIV-16-597-STE, 2017 WL 421925, at *3 (W.D. Okla. Jan. 31, 2017) (unpublished mem. op. & order) (rejecting RFC limitation stating Plaintiff "needs to occasionally sit/stand at the workstation" noting "the RFC is silent regarding the frequency with which he would need to alternate positions"). In *Staggs-Homady v. Colvin*, the ALJ's RFC called for Plaintiff to be "allowed the opportunity to alternatively sit/stand at the workstation without an interruption of productivity." No. CIV-13-1368-D, 2014 WL 7429871, at *2 (W.D. Okla. Dec. 31, 2014) (unpublished order adopting unpublished report & recommendation). As here, the RFC lacked specificity

9

about the "frequency of the need to alternate between sitting and standing," and could not constitute substantial evidence. *Id.* at *4 (quoting *Waltemire v. Colvin*, No. 13-CV-1283-DDC, 2014 WL 3809189 (D. Kan. 2014) (unpublished mem. & order)). The RFC here suffers from the identical insufficiency as to frequency. *See also Newton v. Colvin*, No. CIV-12-1400-M, 2013 WL 6169298, at *3 (W.D. Okla. Nov. 21, 2013) (unpublished order adopting unpublished report & recommendation) ("[I]n neither his decision nor his hypothetical question to the VE did the ALJ define how often Plaintiff is able to sit without standing or changing positions. Under such circumstances, both the decision and hypothetical question lack 'key facts' and the VE's testimony cannot provide substantial evidence to support the ALJ's decision.") (internal citation omitted).

The court orders the Commissioner's decision reversed and the case remanded to the Commissioner for further evaluation of Plaintiff's RFC regarding the frequency of her required sit/stand option, whether any jobs exist which Plaintiff can perform, given her RFC for work, and, ultimately, whether she is disabled.

## III. Conclusion.

The court reverses and remands the Commissioner's decision.

ENTERED this 7th day of August, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE