# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHELLE E. METTLER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-16-1345-SM |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Award of Attorney's Fees Under the Equal Access to Justice Act (EAJA), 42 U.S.C. § 406(b). Doc. 25. Plaintiff requests that she be awarded attorney's fees in the amount of $4,381.30, representing 22.5 hours of attorney time.

The EAJA requires federal courts to "award to a prevailing party fees and other expenses . . . incurred by that party in any civil action . . . , brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Because Plaintiff obtained reversal and remand in this action, she is considered a "prevailing party for purposes of EAJA." *See Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007). As a result, she is entitled to an award of reasonable attorney's fees. Plaintiff has submitted a detailed description of her attorney's work and a

justification for the hourly rate of the attorney. Defendant has no objection to the motion, and makes no argument that her position was substantially justified. Doc. 26.

The undersigned knows of no special circumstances that would make an award of attorney fees unjust. The undersigned has reviewed the fee request and the contingent-fee agreement. The court finds both to be reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 806-07 (2002) (holding that § 406(b) requires a court review of contingent-fee "arrangements as an independent check, to assure that they yield reasonable results in particular cases" for successful representation of Social Security benefits claimants).

The court orders that Michelle E. Mettler be awarded attorney fees under the EAJA in the total amount of $4,381.30, to be paid by the Defendant Acting Commissioner, "subject to offset" for any debts owed to the federal government. *Astrue v. Ratliff*, 560 U.S. 586, 596-97 (2010). The fee shall be made payable to Plaintiff in care of her attorney, Casey L. Saunders. *Manning v. Astrue*, 510 F.3d 1246, 1254 (10th Cir. 2007). To the extent counsel is paid from this EAJA fee award, the attorney will reimburse to Ms. Mettler the smaller of either the EAJA award that is paid to the attorney or a subsequent award under 42 U.S.C. § 406(b) from benefits awarded by reason of the court's judgment in this case to the extent the attorney actually receives double fees for the same work. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 8th day of November, 2017.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE